UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                              CRIMINAL NO. 09-19-FJP-DLD

REGINALD L. SPEARS


### RULING

This matter is before the Court on defendant's motion for a bill of particulars[1] and motion for early disclosure of Jencks Act and Brady material.[2]  The Court finds that the indictment and superseding indictment provide the defendant with a "plain, concise, and definite written statements of the essential facts constituting the offense charged."  Thus, there is no need for additional supplementation of the facts set forth in the indictment.  Furthermore, additional information was provided to the defendant by testimony of the two arresting officers at the suppression hearing.  Therefore, the defendant is not entitled to any additional particulars, and his motion should be denied.

The government has an obligation to produce Brady material and Jencks Act material.  The government states it is not in possession of any Brady material at this time.  Should the government discover

---

[1] Rec. Doc. No. 91.

[2] Rec. Doc. No. 92.

Doc#46801

any Brady material, it has the obligation to turn the Brady material over to the defendant in a timely manner. Pursuant to 18 U.S.C. § 3500, the Jencks Act requires that statements and/or reports of government witnesses be provided to the defendant after the witness has been called and has testified on direct examination at a trial or hearing in a criminal matter. The Court has no authority to order the government to produce Jencks Act material before the witnesses testify. However, the government in its response has agreed to produce Jencks Act material before the witnesses testify.

Therefore;

Defendant's motions are denied.

Baton Rouge, Louisiana, June 29, 2010.

FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA