UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                        CRIMINAL NO. 09-19-FJP-DLD

REGINALD L. SPEARS a/k/a
RLS AR ABDUL AZIZ


**<u>RULING</u>**

This matter is before the Court on defendant's motion to dismiss the indictment for violation of the Speedy Trial Act, 18 U.S.C. § 3161(b),[1] and the Bail Reform Act of 1984, 18 U.S.C. § 3164.[2] For reasons which follow, the motion filed by Reginald L. Spears, a/k/a RLS Ar Abdul Aziz (hereinafter "Spears"), is denied.

The federal grand jury returned an indictment charging Spears with possession with intent to distribute five grams or more of a substance containing cocaine base, also known as crack cocaine, in violation of Title 21, U.S.C. § 841(a)(1). Thereafter, a superseding indictment was filed which added an additional count of possession of marijuana, in violation of 21 U.S.C. § 844(a). The United States later dismissed Count II of the superseding indictment.

---

[1] Rec. Doc. No. 135.

[2] Rec. Doc. No. 139.

Doc#47310

The defendant retained Kevin Monahan to represent him at the initial appearance which was held following the first indictment. The defendant was granted a five day continuance of the initial appearance which had been scheduled for February 27, 2009. On March 5, 2009, Magistrate Judge Docia Dalby held an initial appearance and detention hearing. The Magistrate Judge found that the defendant was a danger to the community and ordered the defendant detained pending the trial in this matter. The Court scheduled the trial to begin on April 28, 2009.

Approximately two weeks before the trial was to begin, the defendant changed attorneys and hired Peter John to represent him. Peter John then filed a motion to continue the trial which was granted by the Court. The defendant's trial was rescheduled for June 16, 2009. On June 8, 2009, the government and the defendant filed a Notice of Intent to Plead and a Plea Agreement. This motion again stopped the speedy trial clock. The Court continued the trial and scheduled the defendant's rearraignment for June 23, 2009. On June 23, 2009, the defendant's retained counsel failed to appear for the rearraignment. The Court rescheduled the rearraignment for July 22, 2009. Prior to the rearraignment date, Spears wrote a letter to the Court advising the Court that he wished to withdraw his Plea Agreement and fire his current retained counsel, Peter John. On July 16, 2009, prior to being discharged as Spears' attorney, John filed a Notice of Intent to Withdraw Plea

Agreement. The Court then scheduled a status conference, or in the alternative, a rearraignment. During this period, the speedy trial clock was suspended because of motions filed by Spears or his retained counsel. On the day prior to the status conference, Spears filed a motion for leave to file several out of time motions, including a motion to suppress and a motion to view and inspect the evidence. These motions also continued to suspend the speedy trial clock. At the status conference which was held on July 22, 2009, Spears advised the Court that he no longer wanted to fire his retained counsel, Peter John. The Court, in the interest of justice, granted the defendant leave to file the out of time motions. As noted above, these "out of time" motions filed by the defendant continued to suspend the running of the speedy trial clock until the Court ruled on all of the pending motions.

Thus, all of the delays in this matter were caused by the attorneys whom the defendant retained to represent him. Each time a motion was filed, the speedy trial clock was suspended.

The Court held a hearing on the defendant's motion to suppress on December 2, 2010, and after hearing the evidence, denied defendant's motion for oral reasons given. Due to the legal issues of defendant's first counsel, conflicts with current defense counsel, and numerous evidentiary issues raised by the defendant, the Court, in the interest of justice and to protect the defendant's rights, declared the case complex under the provisions

of 18 U.S.C. § 3161(h)(7)(A) and continued the trial without date.[3]

Because the Court declared this case to be complex, the Speedy Trial Act has been interrupted and the 70 day limitation no longer applies. Even if this case was not declared complex, the defendant has filed numerous motions which have suspended the trial clock and continue to suspend the trial clock because the Court has been forced to refer some of the defendant's motions as well as the government's motions to the trial.

Many of the continuances of the trial have been granted at the request of defendant's attorneys. Furthermore, the Court was not able to proceed with the trial or rule on motions until the defendant's mental status could be determined. A review of the docket sheet reveals that the defendant's attorneys and the defendant in proper person have filed a total of 37 motions. The defendant has hired and fired three attorneys. The Court appointed the Federal Public Defender's Office to represent the defendant but that panel member was forced to withdraw because of a conflict. The defendant now represents himself with the Assistant Federal

---

[3]The transcript of the suppression hearing provides that the trial was continued to:
> ...make sure that counsel for the defendant has the amount of time that he needs and is not going to be subject to a 2255 motion of incompetent counsel and allow the defendant to have the representation that's the effective assistance-that constitutes the effective assistance counsel under *Strickland v. Washington*. (Suppression hearing transcript, p. 58).

Public Defender in Baton Rouge as stand-by counsel.

The circumstances of this case, whether caused by the defendant or not, demanded and justified that the Court declare this case a complex case in order to allow the defendant to properly prepare for trial.

It is clear that the defendant's motion to dismiss indictment for violation of the Speedy Trial Act is frivolous, without merit, and must be denied. After approximately 59 days of the speedy trial clock had run, the Court declared the case complex under the provisions of 18 U.S.C. § 3161(h)(7)(A) because of the problems the defendant was having with his retained counsel. The Court continued the trial in this matter without date to allow the defendant and his new attorneys the amount of time necessary to prepare a defense. The Court thought it was important that the defendant have the effective assistance of counsel as referenced under *Strickland v. Washington.*

The Court advised the parties at one of the hearings that "ordinarily this wouldn't be a complex case," but the Court believed it would be appropriate to declare this case complex in the interest of justice and to allow the defendant to have a fair trial. However, the Court advised the parties that both the government and the defendant had to agree to declare this case complex under the Speedy Trial Act. Peter John, who was representing the defendant, advised the Court:

> Your honor, after conferring with my client in reference to the 3161-8 suggestion of the court, we believe that it would be in our interest to have the extra time necessary to strategize after the ruling here today, and particularly in dealing with the chain-of-custody issues that were raised. The case did take a different course when the indictment was superseded, and we believe that it would only be fair to work on a timeline that gives us time to look at whatever issues. (SH transcript, p. 59).

Since the Court has declared this case complex without objection from the defendant in December 2009, the defendant has fired two more of his attorneys, and while representing himself pro se has filed numerous motions, each of which suspended the speedy trial clock, if suspension was necessary under the facts of this case. However, all of the pretrial motions support the Court's concern that the defendant needed more time to prepare for trial. The number and type of motions filed clearly show the Court may have been faced with reversible error if the Court did not declare the case complex and allow the defendant more time to file appropriate motions.

Section 3161(7)(a), which governs ends-of-justice continuances, permits a district court to grant a continuance and to exclude the resulting delay if the Court, after considering certain factors, makes on-the-record findings that the ends of justice served by granting the continuance outweigh the public's and defendant's interest in a speedy trial. This provision gives the district court discretion within limits and subject to specific procedures to accommodate limited delays for case-specific needs.

As noted above, the facts of this case clearly support and justify the Court's decision to declare this case complex **with the consent of the parties.**

On January 8, 2010, after declaring this case complex, the Court set the case for trial on April 13, 2010. On the very same day that the Court set the matter for trial, the defendant's counsel filed a motion for independent testing of the evidence. In addition, two subsequent defense attorneys, and now the defendant acting pro se, have continued to file numerous motions with the Court. All of these motions suspend the running of the Speedy Trial Act whether or not the case was declared complex.

For the defendant to now seek dismissal based on actions the defendant caused to delay the trial of this matter is totally inappropriate and not supported by the Act or the jurisprudence. Thus, in *United States v. Westbrook*, 119 F.3d 1176, 1188 (5th Cir. 1997), *citing United States v. Mentz*, 840 F.2d 315, 331 (6th Cir. 1988), the Fifth Circuit held:

> The Speedy Trial Act entitles criminal defendants to adequate time for preparing a defense, but that right may not be used as a two-edged sword, (see *Kington,* 875 F.2d at 1108), endorsing the sensible maxum that defendants ought not to be able to claim relief on delays that they themselves deliberately caused.

The defendant has also filed a motion for immediate release under the Bail Reform Act of 1984, 18 U.S.C. § 3164. This motion is clearly without merit. It is clear that delays pursuant to §

3161(h) are specifically excluded under 18 U.S.C. § 3164(b). Thus, the Court finds defendant's motion for immediate release should be denied. It would be a travesty of justice for a defendant to cause a delay in the trial and then be allowed to use his own delay tactics as grounds to be released on bail. It is not necessary for the Court to discuss defendant's alleged terrorists allegations because the Court has already ruled these allegations will not be allowed in the trial of this drug violation case. The defendant has been advised of his rights numerous times in this case. His decision to talk to federal agents regarding a matter that does not involve the crime set forth in the indictment is of no concern for this Court since the Court has already ruled there was no improper conduct on the part of the government in another motion hearing.[4]

Therefore;

IT IS ORDERED that defendant's motions to dismiss the indictment[5] for violation of the Speedy Trial Act, 18 U.S.C. § 3161(b), and the Bail Reform Act of 1984, 18 U.S.C. § 3164, are hereby denied. The trial of this matter will proceed on June 27,

---

[4] The Court has considered all of the contentions of the parties whether specifically discussed herein or not.

[5] Rec. Doc. Nos. 135 and 139.

2011, as previously set by the Court.

Baton Rouge, Louisiana, June 14, 2011.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA