UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA

VERSUS                                          CRIMINAL NO. 09-19-FJP-DLD

REGINALD L. SPEARS, AKA
RLS AR ABDUL AZIZ

## RULING ON DEFENDANT'S MOTION FOR NEW TRIAL
## AND AMENDED MOTION FOR NEW TRIAL

This matter is before the Court on two motions for new trial filed by the defendant Reginald L. Spears, aka RLS Ar Abdul Aziz.[1] For reasons which follow, defendant's motions for new trial are denied.

A federal grand jury returned a one count indictment against the defendant, Reginald L. Spears, aka RLS ar Abdul Aziz,[2] charging him with possession with intent to distribute five grams or more of a substance containing cocaine base, also known as "crack cocaine," in violation of Title 21 U.S.C. § 841 (a)(1). Thereafter, the grand jury filed a superseding indictment against Spears which

---

[1] Rec.doc.nos. 185 and 187. These motions were filed by the defendant in his pro se capacity. The Court issued an order requesting the defendant to advise the Court whether he wanted Mark Upton, the Assistant Public Defender who was appointed to represent the defendant at sentencing, to also represent him in connection with the pending motions. On August 3, 2011, the defendant advised the Court that he did want Mark Upton to also represent him on the pending motions. Mr. Upton filed a supplemental memorandum in support of defendant's motions for a new trial on September 1, 2011 (rec.doc.no. 199).

[2] The defendant will be referred to as Spears in this opinion.

charged him with possession of marijuana in violation of Title 21 U.S.C. § 844(a). The United States then filed a motion to dismiss the marijuana charge after determining that the statute of limitations barred prosecution of this charge.

Spears initially hired and paid for his own attorneys. For various reasons Spears changed his retained counsel four times and asked the Court to change his appointed counsel once. Spears then filed a motion to represent himself. After thoroughly advising Spears of his right to counsel and the problems associated with Spears representing himself during the course of the trial, the Court granted Spears' motion to represent himself during the course of these proceedings, including the trial.[3] It is clear that the defendant advised the Court that he wanted to represent himself and understood the dangers of representing himself during the course of this trial.[4]

After advising the defendant that the Court could appoint standby counsel to assist him during the course of the trial should Spears wish to have the benefit of an attorney to consult outside

---

[3]The record reflects that the Court spent a substantial amount of time advising Spears of his right to counsel and the dangers which can and often do occur when a defendant represents himself in a criminal proceeding.

[4]It is well settled the defendant has a constitutional right to represent himself in a criminal proceeding as long as he knowingly, voluntarily and intelligently waives counsel as Spears did in this case. *Farretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

the presence of the jury, the defendant agreed to allow the Court to appoint Mark Upton, the Assistant Public Defender for the Middle District of Louisiana, to serve as his standby counsel during the course of the trial. During the trial, the Court also gave the defendant a special code to use in order to advise the Court that he wanted to consult with his standby counsel without the jury knowing that he had an attorney on a standby basis. The record reflects that the defendant understood the code and did at various times during the course of the trial use the code to advise the Court he wished to consult with his standby counsel outside the presence of the jury. This procedure worked perfectly during the trial.

After allowing the defendant to proceed on a pro se basis, the defendant filed at least 10 additional motions prior to the trial. These motions included an ex parte motion to issue subpoenas on May 23, 2011.[5] The United States responded to the defendant's motion on June 2, 2011.[6] The Court held a status conference on June 2, 2011, to consider the various motions. During this conference the Court addressed the defendant's ex parte motion to issue subpoenas as well as other matters. After discussing the subpoena motion, Spears agreed to withdraw several of his subpoena requests from his

---

[5] Rec. Doc. No. 153.

[6] Rec. Doc. No. 170.

motion.[7]  On June 17 2001, the Court issued a ruling which held that the remaining persons the defendant requested to be subpoenaed were unnecessary because the defendant advised the Court he no longer needed the witnesses because the government had provided him the necessary information to establish the chain of custody of certain evidence which the defendant was concerned about.[8]

The defendant represented himself throughout the jury trial which began on June 27, 2011.  His standby counsel, Mark Upton, was also present during the trial.  As noted earlier in this opinion, the Court set up a procedure for the defendant to use when he wanted to consult his standby counsel outside the presence of the jury.  This procedure worked well during the entire trial.  At the conclusion of the trial, and after final arguments and the jury charge had been presented to the jury, the jury returned a verdict finding the defendant guilty.  The Court asked the defendant if he wished to have the jury polled, and the defendant declined.  At no time prior to receiving the verdict nor when the Court asked the defendant whether he wished to poll the jury did the defendant use the code given to him to request that his standby counsel be present or that he wished to consult his standby counsel.

After the jury was dismissed, the Court explained to the defendant that he had a right to have counsel to represent him

---

[7] Rec. Doc. No. 172.

[8] Rec. Doc. No. 174.

during the sentencing phase of this proceeding. Since Mark Upton was very familiar with the case and had been present throughout the trial, the Court appointed Mark Upton to represent the defendant during the sentencing phase of this proceeding.[9] On July 6, 2011, the defendant filed his first motion for a new trial.[10] On July 19, 2011, Spears filed an amended motion for new trial.[11] On August 2, 2011, the defendant advised the Court that he wanted Mark Upton to represent him on his pending motions for new trial.[12] The Court granted the motion.[13]

In his initial motion for a new trial, Spears claimed that the Court committed error by failing to make a ruling on his ex parte motion to issue subpoenas[14] and by also allowing the jury to read its verdict without his standby counsel being present. The United States has filed an opposition to the defendants' motions.[15] The United States claims and the Court agrees that both motions are without merit.

Spears's claim that the Court failed to rule on his ex parte

---

[9]Rec. Doc. No. 183.

[10]Rec. Doc. No. 185.

[11]Rec. Doc. No. 187.

[12]Rec. Doc. No. 192.

[13]Rec. Doc. No. 193.

[14]Rec. Doc. No. 153.

[15]Rec. Doc. No. 188.

5

motion to issue subpoenas before trial is totally frivolous and without merit. Not only does the record indicate that the Court ruled on this motion, the defendant concedes in his amended motion for new trial that the Court did in fact rule on this motion.[16] As noted earlier, the Court held a status conference and a motion hearing prior to the trial during which the Court addressed all of the defendant's motions including his motion to issue subpoenas. The Court deferred ruling on the remaining subpoenas until the United States could provide to the defendant additional information regarding the chain of custody of certain evidence to be used at the trial.[17] After being provided the chain of custody documents by the United States, the defendant advised the Court that he was satisfied with the information and that the additional witnesses he wanted to be subpoenaed were not necessary. On June 17, 2011, the Court ruled on defendant's ex parte motion to issue subpoenas which denied the defendant's request to issue subpoenas to the various witnesses since their need to testify was no longer necessary. The Court's ruling was issued well before the trial which began on June 27, 2011.

During the trial, as was his constitutional right, the defendant chose not to present any evidence or call any witnesses to testify at the trial. The defendant also chose not to testify

---

[16] Rec. Doc. No. 187.

[17] Rec. Doc. No. 172.

6

during the course of the trial. At no time during the trial did the defendant request the Court to have the witnesses which defendant conceded were not necessary for the trial to be actually subpoenaed so they could testify at the trial. As noted earlier, defendant's claim that he deserves a new trial because the Court failed to rule on his motion to issue subpoenas is totally frivolous and without merit.

The defendant also claims that he deserves a new trial because his standby counsel was not present when the jury verdict was read. As noted earlier, the Court thoroughly explained to the defendant the procedures to be followed in the event the defendant wished to have his standby counsel present before the jury or during times that he wished to consult with his standby counsel. Prior to the time the jury returned its verdict, the defendant did not request the Court to have his standby counsel present. The Court had previously warned the defendant of the problems associated with his representing himself during the course of the trial. The Court also advised the defendant that he could confer with standby counsel at any time. In order to protect the defendant's right to represent himself, the Court even gave to the defendant a special code to use which would advise the Court that he wanted to consult with his standby counsel without alerting the jury to the fact that he did in fact have standby counsel representing him in this case. It is impossible for the Court to read the defendant's mind. Had

7

the defendant asked the Court that he be allowed to confer with his standby counsel prior to the return of the verdict, the Court would have done so as the Court had done previously during the course of the trial. However, despite all the instructions the Court had given to the defendant, the defendant at no time requested the Court to allow him to consult with his standby counsel or to allow his standby counsel to be present for the return of the verdict. The record is clear that the defendant knowingly, voluntarily and intelligently waived his right to counsel after receiving exhaustive instructions from the Court. Since the defendant waived his right to have counsel present for the trial, he cannot now claim that he deserves a new trial because he did not have his standby counsel present when the verdict was read and when he declined the Court's offer to poll the jury.[18] It must also be noted that after the courtroom deputy read the verdict, the Court asked the jury whether the verdict read was in fact their verdict. The Court did not see or hear any juror object to the verdict which was read by the courtroom deputy.

The defendant filed an amended motion for new trial on July 19, 2011. Since the amended motion does refer to matters which the defendant set forth in his initial motion for new trial, the Court

---

[18]*See Martin v. United States*, 182 F.2d 255 (5th Cir. 1950).

will consider the merits of the amended motion for new trial.[19] In defendant's amended motion for new trial, he concedes that the Court did in fact rule on his ex parte motion to issue subpoenas. However, the defendant sets forth additional grounds on which he claims the Court's denial of his ex parte motion to issue subpoenas violated his due process rights. The Court has already thoroughly discussed the reasons why the Court denied defendant's motion to issue subpoenas. There is no need to repeat these findings at this time in the opinion. The amended motion for new trial fails to set forth any additional facts which would support a decision by the Court to grant the defendant a new trial in this case. The defendant, who was representing himself, clearly advised the Court that it was not necessary to have the witnesses subpoenaed because he had in fact received the information from the government regarding the chain of custody of certain evidence that was admitted into evidence during the course of the trial. The defendant chose not to call any witnesses to testify at the trial. The defendant did not renew his request for the witnesses to be subpoenaed at any time during the trial. The defendant failed to set forth how the witnesses he now says he would have called to testify would present any evidence that would change the guilty verdict in this case. These witnesses were to be called in

---

[19] Defendant's counsel argued in his supplemental memorandum that the Court should consider the amended motion as timely filed. The Court agrees with Mr. Upton.

connection with the chain of custody of evidence which was admitted in this case. The government clearly established the chain of custody and the evidence to support the chain of custody was admitted without objection. Considering the overwhelming evidence of guilt and the fact that the Court must review the trial evidence in the light most favorable to the government, the defendant's motion for new trial and amended motion for a new trial must be and are hereby denied.

Therefore;

IT IS ORDERED that defendant's motion for a new trial and defendant's amended motion for new trial be and each is hereby denied.

Baton Rouge, Louisiana, September 8, 2011.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA