UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| REGINALD SPEARS, A/K/A RLS AR ABDUL AZIZ | NO.: 09-00019-BAJ-EWD |

RULING AND ORDER

Before the Court is the **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 275),** and the **Motion for Leave of Court to Amend Claim Four of Petitioner's Motion to Vacate (Doc. 319)** filed by Reginald L. Spears, a/k/a RLS Ar Abdul Aziz ("Defendant"). In his motions, Defendant raises several challenges to his conviction and sentence stemming from the alleged ineffective assistance of counsel by Defendant's numerous attorneys over the course of this litigation. The United States of America ("the Government") filed a memorandum in opposition (Doc. 294), and Defendant submitted a reply (Doc. 297).

The Magistrate Judge issued a Report and Recommendation addressing the merits of Defendants original motion to vacate. (Doc. 313). In the Report, the Magistrate Judge recommends that the Court dismiss Defendant's motion under § 2255 and, in the event Defendant seeks to pursue an appeal in this case, that the Court deny any request for a certificate of appealability. (Doc. 313 at p. 27).

The Report and Recommendation specifically notified Defendant that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of

1

fact, conclusions of law, and recommendations therein. (Doc. 313 at p. 1). Defendant timely filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 317).[1]

Defendant's objections concern the Court's denial of an evidentiary hearing for Defendant's ineffective assistance of counsel claims as originally argued in his original Motion to Vacate (Doc. 275), and the Magistrate Judge's subsequent denial of appointment of counsel. Defendant's contentions were adequately addressed in the Report and Recommendation issued by the Magistrate Judge, and the Court accepts the explanations contained therein.

In support of his Motion to Amend his Motion to Vacate (Doc. 319), Defendant argues that the United States Supreme Court's decision in *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759 (2017) offers additional support for his ineffective assistance of counsel claim based on his trial counsel's allegedly deficient cross-examination of the arresting police officer at Defendant's suppression hearing.[2] (Doc. 319 at ¶ 1).

---

[1] The Report and Recommendation was issued on December 7, 2016. (Doc. 313). Defendant submitted a letter notifying the Court that he received a copy of the Report on December 13, 2016. (Doc. 315). As such, Defendant had until December 27, 2016 to submit objections to the Magistrate Judge's Report and Recommendation. Defendant timely filed his objections by the deadline. (*See* Doc. 317).

[2] In *Buck*, the defendant was convicted of capital murder. During the penalty phase of trial, Buck's attorney presented the testimony of a clinical psychologist to evaluate the risk of future dangerousness. *Buck*, 137 S. Ct. at 768-9. The expert stated that he considered demographic factors, including race, in his analysis and that, statistically, minorities are overrepresented in the criminal justice system. *Id.* at 769. On cross-examination, the prosecution clarified that the expert's opinion was that the race factor "black" increased the likelihood of future dangerousness. *Id.* The jury found that there was sufficient evidence of Buck's future dangerousness without any sufficient mitigating factors to justify a life sentence, so the jury sentenced Buck to death. *Id.* The Supreme Court held, among other things, that Buck successfully demonstrated ineffective assistance of counsel because his attorney introduced evidence that Buck was liable to be a future danger because of his race, and that it was reasonably probable that without this testimony he may not have been sentenced to death. *Id.* at 776.

However, *Buck* is a fact-bound decision in which certain of the trial counsel's decisions resulted in obvious and substantial prejudice. In the instant case, Defendant has failed to adequately demonstrate that his counsel performed deficiently, much less to link the alleged deficient performance to any prejudice. Defendant's reference to the *Buck* decision does not remedy his claim for ineffective assistance of counsel. Accordingly, and given the numerous factual distinctions between the *Buck* case and the instant case, the Court finds that the Supreme Court's holding in *Buck* is wholly inapplicable, and an amendment in this matter would be futile. The Court therefore denies Defendant's Motion for Leave to Amend (Doc. 319).

Having carefully considered **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 275)**, the **Motion for Leave of Court to Amend Claim Four of Petitioner's Motion to Vacate (Doc. 319)** and related filings—including Defendant's objections—the Court **APPROVES** the Magistrate Judge's Report and Recommendation (Doc. 313) and **ADOPTS** it as the Court's opinion in herein.

Accordingly,

**IT IS ORDERED** that the **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (Doc. 275)** filed by Reginald L. Spears, a/k/a RLS Ar Abdul Aziz ("Defendant") is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Defendant has failed to "ma[ke] a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that the **Motion for Leave of Court to Amend Claim Four of Petitioner's Motion to Vacate (Doc. 319)** filed by Defendant is **DENIED**.

Baton Rouge, Louisiana, this 9th day of August, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**