UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

RLS AR ABDUL AZIZ

CRIMINAL ACTION

NO.: 9-00019-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Motion for Relief from Judgment Due to Fraud on the Courts by the U.S. Attorney's Office and Defense Counsel (Doc. 336)**. The United States did not file a response. For the reasons stated herein, the **Motion for Relief from Judgment Due to Fraud on the Courts by the U.S. Attorney's Office and Defense Counsel (Doc. 336) is DENIED.**

Petitioner seems to contend that the United States and defense counsel defrauded the court by representing that Petitioner required a mental health examination prior to trial, even though they knew he was competent. The record indicates that the attorneys asserted that Petitioner might be delusional because he insisted that he practiced the Muslim faith, but there was no indication that he in fact did. (Doc. 336 at p. 3). Petitioner asserts that, in actuality, the attorneys knew he was Muslim. Petitioner claims that based on the attorneys' alleged false representations, the Court ordered Petitioner to undergo a mental health evaluation in order to determine his competency to stand trial. (*Id.* at p. 5). Because the mental health evaluation contributed to the denial of Petitioner's Motion to Dismiss (Doc.

173) and Motion to Vacate (Doc. 325), Petitioner reasons that the Court must reconsider its ruling on these two motions.

Federal Rule of Civil Procedure 60(d)(3) provides that a court may set aside a judgment for fraud on the court. Courts are given wide discretion in determining whether relief should be granted based on fraud. *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011). The standard for "fraud on the court" is demanding. "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978).

The debate over Petitioner's mental competency stemmed in part from the fact that Petitioner insisted his name was RLS Abdul Aziz, a traditional Muslim name, even though he had previously been called Reginald Spears. Petitioner asserts that the attorneys, knowing Petitioner's true name was Abdul Aziz, falsely represented to the Court that Petitioner was delusional because he thought his name was RLS Abdul Aziz. Petitioner points to the fact that the United States referenced an FBI report, which stated that his name was RLS Abdul Aziz. (Doc. 336 at p. 7) In addition, the report stated that Petitioner had traveled to Africa to find a wife and for religious purposes. (*Id.*). Petitioner also claims that the attorneys were aware of a Baton Rouge Police Department arrest report in which the arresting officer indicated that Petitioner had been involved in a dispute because he had been spending time with his "other Islamic wife." Petitioner argues that given all these facts, the attorneys must have known that he was Muslim but represented to the Court otherwise.

2

The Court cannot conclude that these facts alone prove that the attorneys in the case perpetrated a fraud to convince the Court that Petitioner required a mental health evaluation. Nothing in the record contradicts the conclusion that both defense counsel and counsel for the United States genuinely believed that Petitioner may not be Muslim and that he may be delusional in thinking that he was, even if the attorneys believed so in error. Moreover, when Petitioner attempted to withdraw his insanity defense and forego the mental health evaluation, the Government opposed the motion because it sought to avoid having the issue of his competency raised on appeal or in a habeas petition, which the Court finds to have been a reasonable position under the circumstances. (Doc. 117 at p. 3).

Accordingly,

The **Motion for Relief from Judgment Due to Fraud on the Courts by the U.S. Attorney's Office and Defense Counsel (Doc. 336) is DENIED.**

Baton Rouge, Louisiana, this 29th day of April, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**