UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**            **CRIMINAL ACTION**

**VERSUS**

**RLS AR ABDUL AZIZ**                   **NO.: 9-00019-BAJ-EWD**

### RULING AND ORDER

Before the Court is the **Motion to Reconsider** the Court's ruling on the Motion for Relief from Judgment Due to Fraud on the Courts by the U.S. Attorney's Office and Defense Counsel (Doc. 346) and the **Motion to Show Cause** as to why sanctions should not be imposed on the U.S. Attorney's Office and defense counsel (Doc. 339). The United States did not file a response to either motion. For the reasons stated herein, the **Motion to Reconsider (Doc. 346)** and the **Motion to Show Cause (Doc. 339)** are **DENIED**.

In the Motion for Relief from Judgment Due to Fraud on the Courts by the U.S. Attorney's Office and Defense Counsel (Doc. 336), Petitioner asserted that the United States and defense counsel falsely represented to the Court that Petitioner was delusional because he insisted that he practiced the Muslim faith. Petitioner claimed that based on the attorneys' alleged false representations, the Court ordered Petitioner to undergo a mental health evaluation, which contributed to the denial of his Motion to Dismiss (Doc. 173) and Motion to Vacate (Doc. 325), requiring the Court to reconsider its ruling on these two motions. The Court denied the Motion for Relief from Judgment.

1

Petitioner argues that the Court should reconsider its ruling on the motion because the evidentiary support on which the motion relied, namely, the FBI report and the Baton Rouge Police Department arrest report, constituted undisputed facts, not assertions. However, the Court treated the evidence Petitioner cited to as fact in its ruling on the motion, stating that it could not "conclude that these *facts* alone prove that the attorneys in the case perpetrated a fraud to convince the Court that Petitioner required a mental health evaluation." (Doc. 344 at p. 3 (emphasis added)). Petitioner has done nothing to challenge the Court's underlying conclusion.

Petitioner also cites to two items of evidence that the Court did not address in its ruling on the motion: first, the U.S. Attorney's Office's opposition to Petitioner's motion to suppress, in which it acknowledged that Petitioner legally changed his name to RLS Ar Abdul Aziz; and second, defense counsel's personal notes, which indicate that the investigation into Petitioner originated as an investigation into a mosque in Baton Rouge. The Court finds that these two items of evidence are duplicative of the evidentiary support that the Court previously concluded was insufficient to prove that the attorneys in the case perpetrated a fraud on the Court. The FBI report stated that Petitioner's name was RLS Abdul Aziz and that he had traveled to Africa to find a wife and to participate in religious activities. Also, the Baton Rouge Police Department arrest report indicated that Petitioner had been involved in a dispute with his U.S. wife for spending time with his "other Islamic wife." Thus, consideration of this evidence would not have altered the Court's conclusion that both defense counsel and counsel for the United States could honestly

have believed that Petitioner may not be Muslim and that he may be delusional in believing that he was a member of the Muslim faith.

Moving on to the Motion to Show Cause, Petitioner requests that the Court order defense counsel and the U.S. Attorney's Office to show cause why sanctions should not be imposed for perpetrating a fraud on the Court. Given the Court's ruling that there is insufficient evidence to show that the attorneys in the case perpetrated a fraud on the Court, the Motion to Show Cause must be denied.

Accordingly,

**IT IS ORDERED** that the **Motion to Reconsider (Doc. 346)** and the **Motion to Show Cause (Doc. 339)** are **DENIED**.

Baton Rouge, Louisiana, this 23rd day of April, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

3