UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **RLS AR ABDUL AZIZ** | **NO.: 9-00019-BAJ-EWD** |

## RULING AND ORDER

Before the Court is the **Motion for Relief from Judgment (Doc. 347)**. The United States did not file a response. For the reasons stated herein, the **Motion for Relief from Judgment (Doc. 347)** is **DENIED**.

The Magistrate Judge issued a Report and Recommendation (Doc. 313) addressing the merits of Defendant's original motion to vacate his sentence. (Doc. 275). In the Report, the Magistrate Judge recommended that the Court dismiss Defendant's motion under 28 U.S.C. § 2255 and, in the event Defendant seeks to pursue an appeal in the case, that the Court deny any request for a certificate of appealability. (Doc. 313 at p. 27). Defendant timely filed objections to the Magistrate Judge's Report and Recommendation. (Doc. 317). After considering Defendant's objections, the Court adopted the Report and Recommendation. (Doc. 325). On August 3, 2018, Defendant's motion for a certificate of appealability was denied by the United States Court of Appeals for the Fifth Circuit (Doc. 333), and on February 19, 2019, his petition for a writ of certiorari was denied by the United States Supreme Court (Doc. 340).

1

In his original motion to vacate, Defendant argued that attorney Peter Q. John failed to conduct an adequate investigation before the hearing on the motion to suppress and that he failed to impeach Officer Larry Walters regarding contradictions contained in his report. Defendant also contends that no police report was ever entered into evidence at the hearing. Defendant now argues that the Magistrate Judge ignored the existence of affidavits of witnesses who were present at his search and arrest. He also asserts that the Magistrate Judge erroneously found that Mr. John had, in fact, pointed out inconsistencies in Officer Walters' report.

Defendant's contentions are without merit. The Magistrate Judge specifically acknowledged that Defendant attached the notarized statements of the three purported witnesses to his motion to vacate, but ultimately concluded that such affidavits failed to provide support for Defendant's assertion that, had an investigator been retained, the identities of the three witnesses would have been discovered and their testimony would have been presented at Defendant's suppression hearing. Further, the Magistrate Judge's finding that Mr. John pointed out inconsistencies in Officer Walters' report was not erroneous. On the contrary, the Magistrate Judge supported her finding with citations to Mr. John's cross-examination of Officer Walters, in which Officer Walters admitted that he made mistakes in his report.

Defendant's remaining objections to the adoption of the Magistrate Judge's Report and Recommendation pertain to the Court's denial of an evidentiary hearing on his ineffective assistance of counsel claims based on the failure to file a motion for a new trial, due to a speedy trial violation, and the failure to file a motion to dismiss

2

the indictment. Defendant's contentions were adequately addressed in the Report and Recommendation and the Court has adopted the analysis contained therein. Because Defendant presents no new facts or controlling case bearing on these matters, the Court's prior Ruling will remain undisturbed.

Regarding Defendant's complaint of the denial of his motion for a certificate of appealability, as has been previously noted, the Fifth Circuit denied the motion. (Doc. 333). This Court is without jurisdiction to review a decision by the Court of Appeals.

Accordingly,

**IT IS ORDERED** that the **Motion for Relief from Judgment (Doc. 347)** is **DENIED**.

Baton Rouge, Louisiana, this 5th day of August, 2020

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**