UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **RLS AR ABDUL AZIZ** | **NO. 09-00019-BAJ-EWD** |

## ORDER

Before the Court are Defendant's various *pro se* motions, styled (1) **Motion to Reconsider Motion to Correct the Record Pursuant to F.R.Civ.P. 59(e) (Doc. 343)**; (2) **Emergency Motion (Doc. 352)**; (3) **Clarification Of Ruling And Order As To A C.O.A. (Doc. 356)**, which the Court construes as a motion for certificate of appealability ("COA"); (4) **Notice (Doc. 357)**; (5) **Motion to Recuse U.S. District Judge Brian A. Jackson (Doc. 358)**; and (6) **Motion For Permission To Appeal In Forma Pauperis (Doc. 361)**. In one way or another, each motion seeks reconsideration of the Court's prior rulings.

I. DISCUSSION

    A. Motions To Correct The Record (Docs. 343, 357)

Defendant's Motion to Reconsider Motion to Correct the Record Pursuant to F.R.Civ.P. 59(e) (Doc. 343), and Notice (Doc. 357), each seek reconsideration of the Court's April 18, 2019 Order, which determined that Petitioner failed to prove that his arrest date was one day earlier than the date currently reflected in the record— *i.e.*, February 26, 2009, as opposed to February 27, 2009. (*See* Doc. 341). In support of his request, Defendant attaches a transcript of his original sentencing hearing,

wherein the Honorable Judge Frank J. Polozola ordered that Defendant's presentence investigation report be amended to reflect that Defendant was arrested on February 26, 2009. (*See* Doc. 233 at 3-4).

The transcript of Defendant's sentencing hearing clearly shows that the sentencing Judge ordered the record amended to reflect that Defendant was arrested on February 26, 2009. (*See* Doc. 233 at 3-4). Defendant has shown an obvious clerical error, and Defendant's renewed request to correct the record is granted under Federal Rule of Criminal Procedure 36.[1] Henceforth, Defendant's record shall reflect an arrest date of February 26, 2009.

### B. Motion To Reconsider The Court's Rulings Denying Defendant's Motion To Vacate His Conviction And Sentence (Doc. 352)

Defendant contends that his conviction and sentence must be vacated because each was obtained through a fraud perpetrated by the U.S. Attorney's Office and Defense Counsel. The Court has rejected this argument twice—by Orders dated May 17, 2019 and April 23, 2020. (Docs. 344, 351).[2] Defendant's Emergency Motion

---

[1] Defendant seeks relief under Federal Rule of Civil Procedure 59(e). The civil rules do not apply in criminal proceedings. *United States v. Rico*, 797 F. App'x 176 (5th Cir. 2020) (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999)). Accordingly, Defendant's renewed request to correct the record is considered under Federal Rule of Criminal Procedure 36, which allows the Court "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.

[2] Defendant originally raised his fraud claims by two separate motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60. (*See* Docs. 336, 346). The Court rejected Defendant's arguments on their merits by orders dated May 17, 2019 and April 23, 2020, respectively. (Docs. 344, 351). As will be explained below, this approach was incorrect

2

seeks reconsideration of these prior Orders under Federal Rule of Civil Procedure 60(b)(6). (Doc. 352 at 4).

Defendant's Emergency Motion will be denied. First, the Civil Rules do not apply in criminal proceedings. *United States v. Rico*, 797 F. App'x 176 (5th Cir. 2020) (citing *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999)). Second, Defendant's Emergency Motion challenges his conviction and sentence on grounds that he could have raised in his prior 28 U.S.C. § 2255 motion. As such, Defendant's Emergency Motion is an unauthorized successive Section 2255 motion, which the court lacks jurisdiction to consider. *See* 28 U.S.C. § 2244(b)(3)(A); § 2255(h); *Rico*, 797 F. App'x 176 (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)).

### C. Motions For COA And Leave To Appeal *In Forma Pauperis* (Docs. 356, 361)

Next, Defendant seeks a COA to appeal the Court's Orders denying his motions for relief from judgment due to an alleged fraud on the Court. (Doc. 356). As explained above, the Court construes these motions collectively as an unauthorized successive Section 2255 motion, over which the Court lacks jurisdiction. Reasonable jurists

---

because the Civil Rules do not apply to these proceedings, and because Defendant's attempt to challenge his conviction and sentence must be considered an unauthorized successive Section 2255 motion. *Rico*, 797 F. App'x 176. Accordingly, the Court **VACATES** its May 17, 2019 Order (Doc. 344) and April 23, 2020 Order (Doc. 352) *to the extent* these Orders are inconsistent with this Order, and replaces them with this Order. The result is the same: Defendant's motions (Docs. 336, 346) are **DENIED**.

would not debate the denial of Defendant's successive Section 2255 motion or the correctness of the Court's substantive ruling. Accordingly, Defendant's request for a COA (Doc. 356) is denied. *See Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005). Likewise, Defendant's request to proceed on appeal *in forma pauperis* (Doc. 361) is denied.

### D. Motion To Recuse

Finally, Defendant moves to recuse the undersigned from all future proceedings, or, in the alternative, to refer Defendant's case to a three-judge panel. (Doc. 358). The sole basis for recusal is the Court's rejection of Defendant's claim that his conviction resulted from a fraud confected by the U.S. Attorney's Office and Defense Counsel. (*See id.*).

Under 28 U.S.C. § 455(a), grounds for a judge to disqualify himself arise whenever his impartiality might reasonably be questioned. *O'Keefe*, 169 F.3d at 289. "[I]n a proper case, the judge may be obliged to disqualify himself retroactively and to vacate any orders entered during the time that a reasonable person would harbor doubts about the judge's impartiality." *Id.* However,

> absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned. Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined.

*Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985).

4

Here, Defendant's only basis for recusal is the Court's failure to vacate his conviction and sentence due to the alleged fraud on the Court. However, as explained, the Court lacks jurisdiction to even entertain Defendant's claim because it is an unauthorized successive Section 2255 motion. As such, Defendant's suggestions of impartiality are frivolous and improperly based, and Defendant's Motion To Recuse (Doc. 358) is denied.

## II.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Reconsider Motion to Correct the Record Pursuant to F.R.Civ.P. 59(e) (Doc. 343), and Notice (Doc. 357), be and are hereby **GRANTED**. Henceforth, Defendant's record shall reflect an arrest date of February 26, 2009.

**IT IS FURTHER ORDERED** that Defendant's Emergency Motion (Doc. 352) be and is hereby **DENIED** as an unauthorized successive Section 2255 motion.

**IT IS FURTHER ORDERED** that Defendant's Motion For Certificate of Appealability (Doc. 356) and Motion For Leave To Appeal *In Forma Pauperis* (Doc. 361) be and are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Recuse (Doc. 358) be and is hereby **DENIED**.

**IT IS ORDERED** that the Court's May 17, 2019 and April 23, 2020 Orders (Docs. 344, 351) are **VACATED and REPLACED** by this Order, *to the extent* those

Orders are inconsistent with this Order.

Baton Rouge, Louisiana, this 13th day of November, 2020

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**