# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**

**VERSUS**

**RLS AR ABDUL AZIZ**                    **NO. 09-00019-BAJ-EWD**

## AMENDED ORDER

This matter is before the Court on remand from the U.S. Court of Appeals for the Fifth Circuit, for the limited purpose of determining whether Petitioner's June 6, 2019 Motion For Relief From Judgment (Doc. 347, the "Motion for Reconsideration") pursuant to Federal Rule of Civil Procedure 60(b)(6) is, in fact, a Rule 60(b) motion seeking reconsideration of the Court's August 5, 2020 Order denying Petitioner's federal habeas petition under 28 U.S.C. § 2255, or is actually an impermissible successive habeas petition. (Doc. 371 at 4, the "Remand Order"). As explained by the Fifth Circuit in its Remand Order, "[t]his threshold determination is made to ascertain whether the district court has jurisdiction to consider the prisoner's motion as a true Rule 60(b) motion." (Remand Order at 3). This Court's August 5, 2020 Order denying Petitioner's Motion for Reconsideration erred by proceeding straight to the merits of Petitioner's arguments, without first making this threshold jurisdictional determination. (*See* Doc. 359, the "August 5 Order").

The Fifth Circuit instructs that "a Rule 60(b) motion should be treated as a successive § 2255 motion if it asserts that relief is justified due to a subsequent change in the substantive law, raises a new ground for relief, or attacks the district court's

previous resolution of a claim on the merits." (Remand Order at 3). By contrast, a *true* Rule 60(b) motion attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).

Here, Petitioner's Motion for Reconsideration falls somewhere in the middle. On the one hand, it attacks the integrity of the federal habeas proceedings, including this Court's failures to appoint counsel to represent Petitioner in his habeas proceedings, and to order an evidentiary hearing on Petitioner's claims. (*See* Doc. 347 at 2-3, 5-6). On the other hand, it also attacks the merits of this Court's resolution of Petitioner's Claims 4, 5, and 9, particularly the weight the Court assigned to certain evidence supporting Petitioner's claims. (*See id.* at 14-18).

Accordingly, upon remand, and as directed by the Fifth Circuit, the Court determines that Petitioner's Motion for Reconsideration is a true Rule 60(b) motion *to the extent* it challenges the integrity of the Court's review of Petitioner's habeas petition, including the Court's failure to appoint counsel and failure to conduct an evidentiary hearing. Thus, the Court maintains jurisdiction over this portion of Petitioner's Motion for Reconsideration, and the Court's August 5 Order will be affirmed to the extent it denied Petitioner's challenge to the integrity of the proceedings. Specifically, the Court affirms the following portion of its August 5 Order:

> Defendant's remaining objections to the adoption of the Magistrate Judge's Report and Recommendation pertain to the Court's denial of an evidentiary hearing on his ineffective assistance of counsel claims based on the failure to file a motion for a new trial, due to a speedy trial violation, and the failure to file a motion to dismiss the indictment. Defendant's contentions were adequately addressed in the Report and Recommendation and the Court has adopted the analysis contained therein. Because Defendant presents no new facts or controlling case bearing on these matters, the Court's prior Ruling will remain undisturbed.

(*See* Doc. 359 at 2-3).

In all other respects, the Court determines that Petitioner's Motion for Reconsideration is an impermissible successive habeas petition because it attacks the merits of the Court's previous resolution of Petitioner's claims. The Court lacks subject matter to consider this portion of Petitioner's Motion. Further, the Court finds that reasonable jurists would not debate that Petitioner's Motion to Reconsider is an impermissible successive petition to the extent it attacks the correctness of the Court's substantive rulings in its August 5 Order, and therefore will deny a certificate of appealability.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Reconsideration (Doc. 347) is **DENIED** to the extent it challenges the integrity of the Court's consideration of Petitioner's habeas petition, including the Court's failure to appoint counsel and failure to conduct an evidentiary hearing.

3

**IT IS FURTHER ORDERED** that, to the extent it challenges the Court's previous resolution of Petitioner's claims on the merits, Petitioner's Motion for Reconsideration (Doc. 347) is **DISMISSED FOR LACK OF JURISDICTION** as an impermissible successive habeas petition.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Baton Rouge, Louisiana, this 22nd day of July, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4